Samuel J. MARROSO and John Jacob Samarin, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20236.

United States Court of Appeals Fifth Circuit.

May 5, 1964.

Rehearings Denied July 8, 1964.

O. B. Cline, Jr., Lawrence J. Hoffman, Miami, Fla., for appellants.

Robert H. Newman, Asst. U. S. Atty., Miami, Fla., Jerome Nelson, Atty., Dept. of Justice, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Miami, Fla., William A. Paisley, Atty., Dept. of Justice, for appellee.

Before BELL, Circuit Judge, and INGRAHAM,* District Judge.

PER CURIAM.

Appellants were convicted of a conspiracy to transport counterfeit securities in foreign commerce in violation of 18 U.S. C.A. § 371 and 18 U.S.C.A. § 2314. Both appellants contend their convictions are invalid, because the lower court erred in admitting into evidence post conspiracy statements of co-defendants. In addition, the appellant Marroso contends that the lower court erred in failing to grant his motion for mistrial because of the admission into evidence of the testimony of an F.B.I. agent concerning the termination by Marroso of an interview with the agent on advice of counsel.

■ After a careful examination of the entire record, we find to the contrary. The evidence sustained the conviction of both appellants. A common purpose and plan may be inferred from a development and a collocation of circumstances. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). It is well settled that, in a joint trial, post conspiracy declarations by co-defendants are admissible against the declarant under proper limiting instructions. Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957). The court gave precise limiting instructions both prior to the receipt of the statements and in the final charge.

■ Lastly, it was not error to fail to grant the motion for mistrial because of the admission into evidence of the testimony of the F.B.I. agent concerning his interview with Marroso wherein Marroso answered certain questions and then refused to answer further questions on advice of counsel. This was no more than evidence of surrounding circumstances tending to illuminate the principal fact in such a way as to reflect the entire transaction or conversation and place the whole in a true light.

The convictions are affirmed.

---

* Judge Cameron, the third judge constituting the Court originally hearing this case, died after argument but before decision. Consequently, this decision and opinion is rendered by a quorum pursuant to Title 28 U.S.C.A. § 46(c) and (d).